IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONICEN PINNOCK, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-6316 |
| | : | |
| DARREN KEYS, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**PADOVA, J.**                                                                                       **JANUARY 13 , 2021**

Plaintiff Monicen Pinnock filed this civil action *pro se* seeking damages for injuries she allegedly sustained in a motor vehicle accident. Pinnock seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant her leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS**

The Court understands Pinnock to be pursuing tort claims under Pennsylvania law based on a motor vehicle accident in Philadelphia. Pinnock alleges that while walking home from the store on December 16, 2018, she was struck by a car driven by Defendant Darren Keys as she attempted to cross a street. (ECF No. 2 at 4.)[1] Pinnock claims that she screamed for help, was placed in a car, and was driven to the hospital. (*Id.*) According to Pinnock, Keys requested that Pinnock refrain from contacting his insurance carrier and informed Pinnock that he would assist with the payment of expenses related to the accident. (*Id.*) Pinnock contends that she was seriously injured as a result of the collision, including suffering a broken femur, concussion, and

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

headaches. (*Id.*) She also claims that her ability to have additional children has been affected and that she has suffered emotional harm. (*Id.*) Pinnock seeks money damages. (*Id.* at 5.)

Named as Defendants in the case are Keys and his insurer USAA Insurance. (*Id.* at 2.) Pinnock alleges that Keys resides in Pennsylvania; she provided the Court with a San Antonio, Texas address for USAA Insurance. (*Id.*)

## II.     STANDARD OF REVIEW

Pinnock's motion to proceed *in forma pauperis* is granted because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Pinnock is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Jurisdiction may be based either on federal questions or diversity among the parties. 28 U.S.C. § 1331 (general federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler*

*Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).  This Court lacks subject matter jurisdiction over Pinnock's claims because she has not established that her claims are based on federal questions or that diversity exists among the parties.

Although Pinnock checked the box on the form Complaint indicating she sought to invoke federal question jurisdiction under 28 U.S.C. § 1331, she listed § 1331 as the sole basis for this assertion and did not provide a further explanation.  *See* ECF No. 2 at 3.  This provision provides for the Court's original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In order to invoke federal jurisdiction under § 1331, however, a plaintiff's claim must be based on some federal law independent of that statute.  *U.S. on Behalf of F.T.C. v. Larkin, Hoffman, Daly & Lindgren, Ltd*, 841 F. Supp. 899, 903 (D. Minn. 1993) (citing *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804 (1986)).  *See also Mustafa v. Thompson*, Civ. A. No. 12-2538, 2013 WL 776217, at *2 (D.N.J. Feb. 28, 2013) (plaintiffs' reliance on § 1331 as an independent basis, not dependent on a specific federal right, was insufficient to establish federal question jurisdiction).

Pinnock's allegations relate to injuries resulting from a motor vehicle accident and raise only claims under state tort law.  She does not cite any federal statute other than § 1331 as the basis for this Court's jurisdiction over her claims, and there appears to be no other basis to invoke federal question jurisdiction.  *See Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (concluding that plaintiff failed to properly invoke federal question jurisdiction because none of his claims arose "under the Constitution, laws, or treaties of the United States," nor did he seek a remedy granted by the Constitution or federal law) (citing 28 U.S.C. § 1331).[2]

---

[2] The Court notes that even if the cause of action is based on state law, there is a "special and small category of cases in which arising under jurisdiction still lies."  *Goldman v. Citigroup Glob. Markets Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (quoting *Gunn v. Minton*, 568 U.S. 251,

3

Nor has Pinnock established that diversity jurisdiction exists.  A district court has jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  A corporation is a citizen of the state or states in which it is incorporated and maintains its principal place of business.  *See* 28 U.S.C. § 1332(c).  Because Pinnock alleges that both she and Keys are citizens of Pennsylvania, she has not met her burden of establishing that the parties are diverse.  Accordingly, the Court may not exercise diversity jurisdiction over Pinnock's state law claims.

---

258 (2013)).  In such cases, "federal jurisdiction over a state law claim will lie if a federal issue is:  (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Id.* (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).  Federal question jurisdiction under the *Grable* standard has been described as "rare."  *Id.*  For either type of federal question jurisdiction, the party asserting jurisdiction must satisfy the "well-pleaded complaint rule," which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case.  *Id.* (internal citations and quotations omitted).  Here, jurisdiction based on either type of federal question jurisdiction is not clear on the face of Pinnock's Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Pinnock leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for lack of subject matter jurisdiction. Pinnock will be given leave to file an amended complaint in the event she can state a basis for the Court's subject matter jurisdiction. Alternatively, she may seek to assert her claims in state court, where federal jurisdiction will not be an issue. An appropriate Order follows.

                        **BY THE COURT:**

                        /s/ **John R. Padova**

                        **JOHN R. PADOVA, J.**