IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONICEN PINNOCK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| USAA INSURANCE | : | NO. 20-6316 |

**MEMORANDUM**

**Padova, J.**  **June 2, 2021**

Pro se Plaintiff Monicen Pinnock commenced this action against Defendant USAA Insurance ("USAA"), the insurer of a motorist who allegedly struck Plaintiff with his vehicle. Before the Court is USAA's Motion to Dismiss Plaintiff's Amended Complaint, which is brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); Plaintiff's "Motion for Clarification;" "Plaintiff's Motion for Leave to Amend Complaint/Caption;" and Plaintiff's "Motion for Leave to Submit and Amend Exhibits and to Take Judicial Notice." For the following reasons, we conclude that we lack subject matter jurisdiction over the action and grant USAA's Motion to Dismiss without prejudice insofar as it seeks dismissal pursuant to Rule 12(b)(1). Consequently, we dismiss Plaintiff's Motion for Clarification as moot and deny Plaintiff's Motion for Leave to Amend and Motion to Take Judicial Notice without prejudice.

**I.      BACKGROUND**

The Amended Complaint asserts the following facts. On December 16, 2018, at 8 p.m., USAA's insured motorist, Darren Keys, struck Plaintiff with his car while she "was walking on the sidewalk about to cross the street." (Am. Compl. at 4.) After she was struck, Plaintiff "scream[ed] for help and . . . [was] picked up and put in the car and taken to the hospital." (Id.) She was later asked "not [to] get insurance involved" and told "that he would help [her] with any expenses related to the accident." (Id.) As a result of the accident, Plaintiff suffered a broken

femur, a concussion, and severe headaches. (Id.) Moreover, the accident affected her ability to have more children and led her to contemplate suicide. (Id.) Plaintiff seeks judgment in the amount of $250,000 for "medical bills, pain, suffering and mental anguish." (Id. at 5.)

## II. LEGAL STANDARD

USAA maintains that the Amended Complaint should be dismissed pursuant to Rule 12(b)(1) because we lack subject matter jurisdiction over this matter and pursuant to Rule 12(b)(6) because the Amended Complaint fails to state a claim upon which relief may be granted. "When a motion under Rule 12 is 'based on more than one ground, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.'" Curtis v. Unionville-Chadds Ford Sch. Dist., Civ. A. No. 12-4786, 2013 WL 1874919, at *3 (E.D. Pa. May 1, 2013) (quoting Jeffrey Banks, Ltd. v. Jos. A. Bank Clothiers, Inc., 619 F. Supp. 998, 1001 n.7 (D. Md. 1985)). Accordingly, we first address USAA's Rule 12(b)(1) challenge regarding lack of subject matter jurisdiction.

The district courts have original subject matter jurisdiction over cases involving a federal question or diverse parties. See 28 U.S.C. §§ 1331, 1332. Pursuant to § 1332, we have diversity jurisdiction over civil actions where "the matter in controversy exceeds the sum or value of $75,000 and is between 'citizens of different states.'" McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (quoting 28 U.S.C. § 1332(a)(1)). "Complete diversity requires that . . . no plaintiff be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (citations omitted). If the court lacks subject matter jurisdiction, the case must be dismissed without prejudice. See In re Orthopedic "Bone Screw" Prod. Liab. Litig., 132 F.3d 152, 155-56 (3d Cir. 1997) (citations omitted).

When a party argues that the court lacks subject matter jurisdiction pursuant to Rule 12(b)(1), we must first "determine whether the challenge is a facial attack or a factual attack." GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 35 (3d Cir. 2018) (citing Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014)). "'A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient to invoke subject matter jurisdiction.'" Id. (alteration in original) (quoting Aichele, 757 F.3d at 358). "'A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction.'" Id. (alteration in original) (quoting Aichele, 757 F.3d at 358). "To resolve a factual challenge, the '[c]ourt may look beyond the pleadings to ascertain the facts[.]'" Id. (alterations in original) (quoting Aichele, 757 F.3d at 358). Accordingly, "the court does not presume that the allegations in the plaintiff's complaint are true, and 'the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Johnson v. City of Philadelphia, Civ. A. No. 07-3110, 2010 WL 3582517, at *2 (E.D. Pa. Sept. 10, 2010) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). After a factual attack is made, "the plaintiff . . . has the burden of proof to establish diversity jurisdiction by a preponderance of the evidence." GBForefront, 888 F.3d at 35 (citing McCann, 458 F.3d at 288-89). USAA has brought a factual attack on subject matter jurisdiction and has submitted an Affidavit regarding its citizenship.

### III. DISCUSSION

#### A. USAA's Motion to Dismiss

The Amended Complaint avers that we have diversity jurisdiction because USAA is incorporated and has a principal place of business in Texas and Plaintiff is a Pennsylvania citizen. (Am. Compl. at 3-4.) However, USAA maintains that it is a Pennsylvania citizen because it is an

3

unincorporated association with members that include Pennsylvania citizens. USAA has submitted the Affidavit of Diana Medrano, its litigation manager, which states that USAA is not a corporation; rather, it is a "reciprocal interinsurance exchange" and "an unincorporated association of subscribing members." (Mot. to Dismiss, Ex. B ¶¶ 2-3.) The Affidavit also states that USAA has policy holders who are Pennsylvania citizens. (Id. ¶ 4.) Plaintiff has not responded to USAA's Motion to Dismiss.

"'A reciprocal insurance exchange . . . is an unincorporated business organization of a special character in which the participants, called subscribers . . . are both insurers and insureds.'" Amato v. AAA Interinsurance Exch. of the Auto. Club, Civ. A. No. 20-0684, 2020 WL 7222769, at *4 (W.D. Pa. Dec. 8, 2020) (alterations in original) (quoting Themis Lodging Corp. v. Erie Ins. Exch., No. 10-00003, 2010 WL 2817251, at *1 (N.D. Ohio July 16, 2010)). "'Courts have long recognized that reciprocal exchange insurance associations . . . do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member.'" Id. (alteration in original) (quoting Erie Ins. Exch. v. Research Prods. Corp., Civ. A. No. 15-0240, 2016 WL 1238811, at *1 (W.D. Pa. Mar. 30, 2016)). "In this Circuit, '[t]here is no dispute among the courts . . . that policyholders in a reciprocal insurance exchange are its members.'" Id. (alteration in original) (quoting Erie Ins. Exch. v. Midea America Corp., Civ. A. No. 16-01037, 2016 WL 6948288, at *2 (M.D. Pa. Nov. 28, 2016)).

The Medrano Affidavit states that USAA has policy holders who are Pennsylvania citizens. (Mot. to Dismiss, Ex. B ¶ 4.) Plaintiff failed to respond to the Motion to Dismiss and, thus, has not submitted any contrary evidence regarding USAA's citizenship. We therefore find, based on the only evidence before us, that USAA is a citizen of Pennsylvania because it has policy holders who are citizens of Pennsylvania and, therefore, Plaintiff and USAA are not diverse. We conclude,

4

accordingly, that plaintiff has failed to satisfy her "burden of proof to establish diversity jurisdiction by a preponderance of the evidence."  GBForefront, 888 F.3d at 35 (citing McCann, 458 F.3d at 288-89).

Consequently, we further conclude that we lack subject matter jurisdiction over this action.  We therefore grant USAA's Motion to Dismiss pursuant to Rule 12(b)(1) without prejudice.  See In re Orthopedic "Bone Screw" Prod. Liab. Litig., 132 F.3d at 155.  Because we conclude that we lack subject matter jurisdiction we need not reach USAA's argument that this action should be dismissed pursuant to Rule 12(b)(6).  See Curtis, 2013 WL 1874919, at *3 (quoting Jeffrey Banks, Ltd., 619 F. Supp. at 1001 n.7).

B.     Plaintiff's Motions

Plaintiff has filed a "Motion for Clarification," a "Motion for Leave to Amend Complaint/Caption" pursuant to Rule 15, and a "Motion for Leave to Submit and Amend Exhibits and to Take Judicial Notice" pursuant to Federal Rule of Evidence 201.[1]  Plaintiff's Motion for Clarification seeks "an order clarifying whether the District Court for Baltimore City or this court would be the proper venue" based on the fact that Plaintiff has learned that USAA's insured motorist, Keys, resides in Baltimore, Maryland.  (Pl.'s Mot. For Clarification at 1.)  We dismiss this Motion as moot because we lack subject matter jurisdiction over this proceeding.

Plaintiff's Motion for Leave to Amend the Complaint seeks leave to add Keys as a defendant.[2]  "After amending once . . . the plaintiff may amend only with leave of court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'"

---

[1] USAA has not responded to Plaintiff's motions.

[2] We note that Plaintiff has already amended the complaint in this action once, on January 19, 2021.  (See Docket No. 6.)

Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Court may, however, deny leave to amend in instances involving "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, . . . [or] futility of [the] amendment[.]" Foman v. Davis, 371 U.S. 178, 182 (1962). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane, 213 F.3d at 115 (citation omitted).

For the reasons discussed above, we lack diversity jurisdiction over this case because Defendant USAA and Plaintiff are citizens of the same state. See Zambelli, 592 F.3d at 419 (noting that "[c]omplete diversity requires that . . . no plaintiff be a citizen of the same state as any defendant") (citations omitted)). Thus, even if we allowed Plaintiff to amend her Complaint to add Keys as a Defendant, we would lack still subject matter jurisdiction over this action because Plaintiff and USAA would still be citizens of the same state. Therefore, we conclude that amendment would be futile. Accordingly, we deny "Plaintiff's Motion for Leave to Amend Complaint/Caption" without prejudice.[3]

---

[3] Plaintiff's Motion for Leave to Amend also requests that counsel be appointed to represent Plaintiff in this case. Pursuant to 28 U.S.C. § 1915(e)(1), "'[t]he court may request an attorney to represent any person unable to afford counsel.'" Houser v. Folino, 927 F.3d 693, 697 (3d Cir. 2019) (alteration in original) (quoting 28 U.S.C. § 1915(e)(1)). When determining whether to appoint counsel, the court follows a "two-step process." Id. First, as a threshold inquiry, we must consider "'the merits of the plaintiff's claim.'" Id. (quoting Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)). "Second, '[i]f . . . the plaintiff's claim has arguable merit in fact and law,'" we examine additional factors, id. (quoting Tabron, 6 F.3d at 155), including,
> "(1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf."

Id. (alteration in original) (quoting Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997)). Because we lack subject matter jurisdiction over this action, we find that Plaintiff's claim lacks merit, and

Plaintiff has also filed a Motion pursuant to Federal Rule of Evidence 201 requesting that we take judicial notice of several exhibits, including her medical records and expenses. Rule 201(b) allows the district court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, as discussed above, we lack subject matter jurisdiction over this action, and, therefore, need not consider Plaintiff's medical records or expenses. Accordingly, we deny Plaintiff's "Motion for Leave to Submit and Amend Exhibits and to Take Judicial Notice" without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, we grant USAA's Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(1) without prejudice, dismiss Plaintiff's Motion for Clarification as moot, and deny Plaintiff's Motion for Leave to Amend Complaint/Caption and Motion for Leave to Submit and Amend Exhibits and to Take Judicial Notice without prejudice. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.

---

therefore, Plaintiff does not satisfy the threshold requirement for the appointment of counsel. Accordingly, we deny Plaintiff's request for appointment of counsel.